IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| IMPAX LABORATORIES INC., et al., | : | |
|---|---|---|
| Plaintiffs, | : | |
| v. | : | Civil Action No. 14-984-RGA |
| LANNETT HOLDINGS INC., et al., | : | |
| Defendants. | : | |

| IMPAX LABORATORIES INC., et al., | : | |
|---|---|---|
| Plaintiffs, | : | |
| v. | : | Civil Action No. 14-999-RGA |
| LANNETT HOLDINGS INC., et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

The above-captioned lawsuits have been, at least informally, joined together. To make it more formal, the two cases are **CONSOLIDATED FOR ALL PURPOSES** pursuant to Fed. R. Civ. P. 42(a). The Defendants are the same in both cases. In one case, the Plaintiffs are Impax Laboratories, Inc., and Astrazeneca AB. In the second, the Plaintiffs are Impax Laboratories, Inc., Astrazeneca AB, and Astrazeneca UK Limited. Both lawsuits involve the same two patents. In the first, Plaintiffs assert that "AstraZeneca AB is the owner by assignment of the '237 patent and has the right to sue for infringement thereof." (No. 14-984, D.I. 1, ¶ 24). A separate paragraph says Impax "holds an exclusive license under the '237 patent." There is the same

verbiage for the second patent. In the second lawsuit, Plaintiffs assert that "AstraZeneca AB and AstraZeneca UK Limited own all rights, title, and interest in the '237 patent and have the right to sue for infringement thereof." (No. 14-999, D.I. 1, ¶ 25). In the next paragraph, it is asserted that Impax "holds an exclusive license under the '237 patent and also has rights to commercialize zolmitriptan in the United States under [an agreement] with AstraZeneca UK Limited." There is the same verbiage for the second patent. The second complaint does not describe the relationship between the two AstraZeneca entities.

Plaintiffs might not have been surprised that Defendants filed a motion to dismiss in the first case, claiming, essentially, that Plaintiffs have admitted that they did not include all necessary parties as plaintiffs. Defendants state the first case should be dismissed for lack of standing. Plaintiffs have not very vigorously defended against the motion. Plaintiffs submitted documents showing that AstraZeneca AB was assigned the patents in 2002, and that AstraZeneca UK Limited licensed the patents to Impax. In regard to the allegations of the second complaint, Plaintiffs blithely state that they show that AstraZeneca AB "owns the patents in suit, albeit with some interest resting with" AstraZeneca UK Limited. (D.I. 12, p. 2). What that interest is Plaintiffs chose not to disclose. The matter was briefly discussed at the Rule 16 conference. (D.I. 22 at 4-6). In connection with the motions, I asked for supplemental letters, which have been provided. The letters make clear that the two cases are just the same case, albeit with an extra plaintiff in the second case. It does not throw any further light on why AstraZeneca UK Limited might be licensing patents it does not own.

It is not clear to me that there are any consequences to dismissing the first case other than removing some clutter. Nevertheless, there may be consequences, as Defendants have not agreed

that the first case should be dismissed without prejudice to the second case.[1]

"'[A]s a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in an infringement suit.'" *STC.UNM v. Intel Corp.,* 754 F.3d 940, 941 (Fed. Cir. 2014). Plaintiffs have done just about nothing to meet their burden to show what AstraZeneca UK Limited's ownership interest is in the patents in suit. Maybe AstraZeneca UK Limited should be joined; maybe not. I cannot tell at this point. Plaintiffs have also said that AstraZeneca UK Limited is willing to join the first suit as a plaintiff, but have taken no action to make that happen.

The consolidated case has all necessary plaintiffs. Whether the first case did or did not is not something I have to decide now, because I think it is clear (and Defendants have not challenged) that the consolidated case has the necessary plaintiffs so that there is no constitutional standing issue. I have jurisdiction over the consolidated case. There is no need now to sort out which plaintiffs should be in the case. Thus, I will **DENY** Defendants' motion to dismiss (D.I. 9) without prejudice to its renewal after discovery is complete, should Defendants believe that there then is a point to the motion.

IT IS SO ORDERED this 10th day of December 2014.

Richard G. Andrews
United States District Judge

---

[1] Plaintiffs state the second suit is timely filed (in an ANDA sense), but also requested Defendants to agree to that, which Defendants refused to do.